# United States Court of Appeals for the District of Columbia Circuit

### No. 23-3019

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DAVID FLOYD,

*Defendant-Appellant.*

*On Appeal from the United States District Court for the District of Columbia in No. 1:21-cr-00666-TNM-1, Trevor Neil McFadden, U.S. District Judge*

## REPLY BRIEF OF APPELLANT

ELITA C. AMATO
THE LAW OFFICE OF ELITA C. AMATO
2111 Wilson Boulevard, 8th Floor
Arlington, Virginia 22201
(703) 522-5900
amato.law@comcast.net

*Counsel for Defendant-Appellant*

COUNSEL PRESS    (800) 4-APPEAL • (811709)

# TABLE OF CONTENTS

                                                                            **Page**

TABLE OF AUTHORITIES ................................................................................... ii

SUMMARY OF REPLY ARGUMENTS ................................................................1

ARGUMENT .............................................................................................................1

      A.      Standard of Review ........................................................................1

      B.      Both Prongs of Ineffectiveness of Counsel Standard in the
              Plea Negotiation Context Are Met .........................................................5

CONCLUSION ..........................................................................................................7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Hill v. Lockhart*,
 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) .......................... 1, 2, 3, 4

*Missouri v. Frye*,
 132 S.Ct. 1399, 566 U.S. 134, 182 L.Ed.2d 379 (2012) ....................... 2, 3, 4

*Strickland v. Washington*,
 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 684 (1984) .......................... 1, 3, 5

*United States v. Bagcho*,
 923 F.3d 1131 (D.C. Cir. 2019)..................................................................5

*United States v. Eli*,
 379 F.3d  (D.C. Cir. 2004).......................................................................3, 5

*United States v. Murray*,
 897 F.3d 298 (D.C. Cir. 2018)............................................................. 3, 4, 5

*United States v. Thomas*,
 999 F.3d 723 (D.C. Cir. 2021)................................................................4, 5

**Statutes & Other Authorities:**

U.S.S.G. §2D1.1(b)(1) ......................................................................................5, 7

**SUMMARY OF REPLY ARGUMENTS**

Mr. Floyd's sentence should be vacated because he received ineffective assistance of counsel during the plea negotiations. Had his counsel effectively negotiated a plea agreement, he would not have had to accept a two point upward adjustment for a gun enhancement. His guideline range would have been lower without the enhancement and he would have received a lower sentence. For his claim of ineffective assistance of counsel, he must show that his counsel's performance was not reasonable and that there is a reasonable probability that he would have received a lower sentence. Mr. Floyd meets this two-part test.

**ARGUMENT**

**A. Standard of Review**

The parties agree that a claim of ineffective assistance in the plea bargain context is evaluated using the two-part test set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. 2d 684 (1984). Further there is no dispute as to the first prong, namely that appellant must first establish counsel's performance "fell below an objective standard of reasonableness." *Id*. at 687-88. However, the parties diverge on the second inquiry. The Government believes that the standard set forth in *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), applies to the analysis. The standard in *Hill* requires that "the defendant must show that there

1

is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill*, supra at 59.

Yet, Mr. Floyd does not assert that he would have proceeded to trial absent his counsel's errors, as did the appellant in *Hill*. Mr. Floyd never sought to withdraw from the plea agreement to then turn around and proceed to trial. Rather, he asserts that within the plea framework, had his counsel preformed effectively, counsel would have negotiated a plea offer without the two point gun enhancement, or recommended to his client to plead to the indictment by which the defense would not have had to accept a plea offer with the two point gun enhancement. Mr. Floyd points out that his counsel's errors resulted in a prison term higher than it would have been but for counsel's unprofessional errors. This is completely different than the context in *Hill,* and so should not be bootstrapped to the standard laid out in *Hill*.

The Supreme Court in *Missouri v. Frye*, 132 S.Ct. 1399, 1409, 566 U.S. 134, 182 L.Ed.2d. 379 (2012), made clear that *Hill* does not "provide the sole means for demonstrating prejudice arising from the deficient performance of counsel during plea negotiations." In *Frye*, petitioner argued that with effective assistance he would have accepted an earlier plea offer (limiting his sentence to one year in prison) as opposed to entering an open plea (exposing him to a maximum sentence of four years' imprisonment). There the Supreme Court set a different consideration from that in *Hill*, so as to address the different circumstances in *Frye* finding that "[i]n

2

order to complete a showing of *Strickland* prejudice, defendants who have shown a reasonable probability they would have accepted the earlier plea offer must also show that, if the prosecution had the discretion to cancel it or if the trial court had the discretion to refuse to accept it, there is a reasonable probability neither the prosecution nor the trial court would have prevented the offer from being accepted or implemented." *Frye*, supra at 1410.

Following *Frye*'s recognition that the standard in *Hill* only applies to cases "in the context in which it arose, " namely where a defendant seeks to withdraw from the plea agreement and proceed to trial, the Court here is not otherwise bound by the *Hill* standard. Rather, this court has found different standards to complete the *Strickland* prejudice test depending upon the issue and remedy requested. The standards as laid out in *Eli,* followed by *Murray* and *Thomas* more accurately apply here. In *United States v. Eli*, 379 F.3d 101 (D.C. Cir. 2004), the Court addressed prejudice in the sentencing context, finding that "a defendant need only show a 'reasonable probability that, but for counsel's unprofessional errors, the result of [sentencing] would have been different. *Id*. 1019. Further, in *United States v. Murray*, 897 F.3d 298 (D.C. Cir. 2018), another case in which a defendant argued prejudice by his counsel's conduct at sentencing, the Court explained that to satisfy the second *Strickland* prong all that is required is a showing of a "reasonable

3

likelihood" that the court would impose a sentence lower than [the sentence imposed]. *Id*. at 313.

Most similar to Mr. Floyd, in *United States v Thomas*, 999 F.3d 723, (D.C. Cir. 2021), the defendant there argued that he was prejudiced by his counsel's conduct in failing to object to sentencing enhancements to his offense level during plea negotiations. This Court, relying on *Frye* set a different inquiry in *Thomas* than the one in *Hill*, as the claim was different. Thomas' ineffectiveness claim was that he would have negotiated a more lenient agreement. "To prevail on this claim, Thomas would have to 'show a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Thomas, supra* at 737. Further, in *Thomas*, this Court identified the standard to apply when a defendant asserts he would have chosen an open plea offer but for counsel's errors. "For the open plea, claim, he must show he would have obtained a more favorable sentence but for counsel's errors." *Id*. at 738 (citations omitted).

These claims are exactly the ones Floyd brings before this Court now, namely that his counsel was ineffective in negotiating a plea with a gun enhancement which raised his guideline range rather than a plea without the enhancement. Thus, as to the second prong, Mr. Floyd must show he would have received a more favorable sentence but for his counsel's errors. He can easily do so.

4

## B. Both Prongs of Ineffectiveness of Counsel Standard in the Plea Negotiation Context Are Met

Mr. Floyd has met *Strickland's* two part test. Firstly, as described in detail in his initial brief, the two point enhancement under U.S.S.G. §2D1.1(b)(1), was not applicable and should have not been agreed to as part of the plea offer. The facts which were allegedly in support of this enhancement, were the sending of firearms by Mr. Floyd from the United States to Sint Maarten. There was every indication that the firearms were sent to someone separate and apart from any drug dealing connection, as they were sent to a location that had nothing to do with the charged conspiracy. The shipping of the weapons were separate and apart from his involvement with his brother in the drug trade. Hence, there was no "nexus between the gun and the [drug] activity." *United States v. Bagcho*, 923 F.3d 1131, 1140 (D.C. Cir. 2019).

Secondly, using the standards in *Thomas, Eli* and *Murray*, had the plea agreement not included the §2D1.1(b)(1) 2 point enhancement, Mr. Martin's guideline calculation would have been lower by two offense points resulting in a lower sentence. Rather than a level 25, with a recommended 100-125 month range, he would have had a level 23 with a range of 84 to 105 months.[1] The sentence he

---

[1] Appellees' Brief suggests that the firearm seized at Floyd's W Street address apartment would have provided an alternative basis for the §2D1.1(b)(1) enhancement. Appellee Brief at 45. Yet at no time during the plea process nor the sentencing did Government counsel make such an argument. Clearly, based upon their evidence, they did not believe that such constructive possession was sufficient for the §2D1.1(b)(1) enhancement.

5

received of 120 months was within the guideline range as set out in the plea agreement with the gun enhancement. However, without the gun bump, had the judge imposed 120 months, it would have resulted in a sentence higher than the guideline range of 84 to 105 months.

There is nothing to indicate that the Judge at sentencing would have given him an above guideline range, if the range had been 84 to 105 months. The judge made it clear that he thought it appropriate to sentence Floyd to a higher sentence than that which his brother received of 72 months but he never expressed an intent to or any basis to sentence above the range. (A148). A sentence within this lower guideline range even at the low end was higher than the 72 month sentence imposed on his brother. Further the sentencing judge clearly expressed an intent to give him a higher end guideline range but not one that was above the guidelines. "I believe that a sentence near the top of the guideline range is appropriate." (A150). Thus, with the lower guideline recommendation of 84 to 105 months, Mr. Floyd would have received a lower sentence had the gun bump not been negotiated to in his plea agreement.

## CONCLUSION

For the foregoing reasons, as well as those provided in Appellant's Opening Brief, Mr. Floyd requests this Court vacate his sentence and grant him the opportunity to be resentenced without the two level upward enhancement of USSG §2D1.1(b)(1), before a different judge.

Respectfully submitted,

*/s/ Elita C. Amato*
Elita C. Amato, Esq. #442797
2111 Wilson Blv., 8th Floor
Arlington, VA  22201
(703) 522-5900
Amato@amatoatlaw.com
Amato.law@comcast.net
Counsel for Appellant
David Floyd

7

## CERTIFICATE OF COMPLIANCE

1. This brief complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. R. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

    [ X ] this brief contains [*1,535*] words.

    [   ] this brief uses a monospaced type and contains [*state the number of*] lines of text.

2. This brief document complies with the typeface and type style requirements because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 365*] in [*14pt Times New Roman*]; *or*

    [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: August 13, 2025            */s/ Elita C. Amato*
                                  *Counsel for Appellant*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on August 13, 2025, I caused this Reply Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Chrisellen Rebecca Kolb
U.S. ATTORNEY'S OFFICE
601 D Street NW, Room 8104
Washington, DC 20530
(202) 252-7566
chrisellen.r.kolb@usdoj.gov
*Counsel for Plaintiff-Appellee*

*/s/ Elita C. Amato*
*Counsel for Appellant*